KDE:DGR/NJM/LRO
F. #2020R01162

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

LATRELL JOHNSON,
     also known as "Barlie Buckz,"

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

1:21-cr-00016(ARR)(VMS)

Cr. No. _____
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d)(1),
981(a)(1)(C), 1951(a), 2 and 3551 et
seq.; T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Extortion Conspiracy)

1.    In or about and between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others agreed to obtain property, to wit: proceeds from a convenience store in Brooklyn, New York, from John Doe, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Extortion)

2. In or about and between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: proceeds from a convenience store in Brooklyn, New York, from John Doe, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Threatened Physical Violence in Furtherance of a Plan to Extort John Doe)

3. In or about and between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally threaten physical violence to John Doe in furtherance of a plan and purpose to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, to wit: a plan and purpose to obtain proceeds from a convenience store in Brooklyn, New York, from John Doe, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FOUR
(Possessing and Brandishing a Firearm During a Crime of Violence)

4.     On or about November 12, 2020, within the Eastern District of New York, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Three, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH THREE

5.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

6.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

  (d)  has been substantially diminished in value; or

  (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FOUR

7.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 924.

8.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  (a)  cannot be located upon the exercise of due diligence;

  (b)  has been transferred or sold to, or deposited with, a third party;

  (c)  has been placed beyond the jurisdiction of the court;

5

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

      (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R01162
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

LATRELL JOHNSON,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C), 1951(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* \_\_\_\_\_**13**\_\_\_\_\_ *day,*
*of* \_\_**01**\_\_\_\_ *A.D. 20* **21**

_____
*Clerk*

*Bail, $* _____

*Drew G. Rolle, Nicholas J. Moscow & Lindsey R. Oken*
*Assistant U.S. Attorneys (718) 254-7000*